Mitaj v. Rosen

BIA
Navarro, IJ
A206 189 278

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of January, two thousand twenty-one.

PRESENT:
        DENNY CHIN,
        RICHARD J. SULLIVAN,
        MICHAEL H. PARK,
            *Circuit Judges.*

_____

DANIEL MITAJ,
        *Petitioner,*

        v.                                      18-3796
                                                NAC
JEFFREY A. ROSEN, ACTING UNITED
STATES ATTORNEY GENERAL,
        *Respondent.**

_____

FOR PETITIONER:          James A. Lombardi, Law Office of
                         James A. Lombardi, P.C., New York,
                         New York.

---

\*     Pursuant to Fed R. App. P. 43(c)(2), Jeffrey A. Rosen is automatically substituted for former Attorney General William P. Barr.

**FOR RESPONDENT:**  Jeffrey Bossert Clark, Acting Assistant Attorney General; Cindy S. Ferrier , Assistant Director; Micah Engler, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Daniel Mitaj, a native and citizen of Albania, seeks review of a November 29, 2018 decision of the BIA affirming a November 15, 2017 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Daniel Mitaj,* No. A 206 189 278 (B.I.A. Nov. 29, 2018), *aff'g* No. A 206 189 278 (Immig. Ct. N.Y.C. Nov. 15, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's decisions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's factual findings under the substantial evidence standard, upholding them so long as "they are supported by reasonable, substantial[,] and

2

probative evidence in the record." *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009) (internal quotation marks omitted); *see also* 8 U.S.C. § 1252(b)(4)(B) (stating that "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary"); *Edimo-Doualla v. Gonzales*, 464 F.3d 276, 282 (2d Cir. 2006). By contrast, we review questions of law and the application of law to undisputed facts *de novo*. *See Yanqin Weng*, 562 F.3d at 513; *Edimo-Doualla*, 464 F.3d at 281.

To obtain asylum or withholding of removal, an applicant must establish past persecution or a fear of future persecution on account of a protected ground. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(b), 1208.16(b)(1), (2). The protected ground must be "at least one central reason" for the claimed persecution, and the applicant must provide direct or circumstantial evidence of the persecutor's motives. 8 U.S.C. § 1158(b)(1)(B)(i) (asylum); *see also id.* § 1231(b)(3)(A) (withholding); *Matter of C-T-L-*, 25 I. & N. Dec. 341, 346–48 (B.I.A. 2010) (holding that the "one central reason" standard also applies to withholding of removal); *INS v. Elias-Zacarias*, 502 U.S. 478,

3

483 (1992) (requiring "*some* evidence of [motive], direct or circumstantial").

Mitaj contends that he stated a claim of past persecution and has a fear of future persecution on account of his religion, political opinion, and membership in a particular social group of "Roman Catholic[s] in Northern Albania." Specifically, he asserts that after he reported an individual to the police for breaking into his church and stealing money, that individual attacked, beat, and threatened him on multiple occasions; he further avers that the police refused to help him because the thief had connections to the police. But throughout the hearing – in response to questions from his own counsel, counsel for the Department of Homeland Security, and the IJ – Mitaj testified that the beatings were retaliation for his report to the police, and he did not offer any evidence connecting them to a protected ground. Accordingly, the agency did not err in finding that Mitaj failed to establish a nexus to a protected ground as required for asylum and withholding of removal. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A); *Melgar de Torres v. Reno*, 191 F.3d 307, 313–14 (2d Cir. 1999) (explaining that "general crime conditions" and "random violence" cannot support asylum

4

claim); *Elias-Zacarias*, 502 U.S. at 483 (requiring "*some* evidence of [motive], direct or circumstantial").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court